Stephen A. DERRY, Appellant,

v.

Maurice L. MILLER et al., Appellees.

Court of Appeals of Kentucky.

Feb. 16, 1962.

Rehearing Denied May 1, 1962.

———◆———

Laura Miller Derry, J. B. Gathright, Louisville, for appellant.

William H. Crutcher, Jr., Louisville, for appellee Miller.

J. W. Jones, Louisville, for appellee Jones.

CLAY, Commissioner.

This is an appeal from a judgment settling partnership accounts. In a brief which flagrantly violates each and every provision of Sections (a) and (b) of RCA 1.210, appellant attacks many phases of the proceedings and practically every item of accounting.

For many years appellee Miller had carried on a professional business as a consulting engineer. In 1957 he and appellant by oral agreement entered into a partnership. Appellant claims that he thereby became a general partner of Miller and sought a division of all profits earned over a period of about six months. Miller testified that the partnership was formed for the prosecution of only one particular project. The Chancellor accepted Miller's version of the partnership arrangement and rendered an accounting with respect to the division of profits earned on this project. The court also allowed appellant's attorney, whose employment was terminated during the course of these proceedings, a fee of $2,000.

No issue of law is involved on this appeal. The questions determined by the Chancellor arose out of issues of fact. The evidence amply supports the finding that the partnership agreement and activities of the parties related to a single project and that appellant was not a partner of Miller in the conduct of the latter's individual business.

It is unnecessary to go into the vast number of items challenged by appellant. A review of the record convinces us the Chancellor correctly allocated items of expense and other charges and made a fair division of the profits of the partnership.

The attorney fee of $2,000 was allowed to J. W. Jones on the basis of his affidavit, certain documentary evidence, and oral testimony heard before the Chancellor. The oral proceedings were not transcribed and are not before us. There is nothing in the record to show that there was error in the allowance of this fee.

The judgment is affirmed.